UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD CAREY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:16 CV 1166 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Reginald Carey pleaded guilty of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). He was sentenced to a term of imprisonment of 120 months pursuant to 18 U.S.C. § 924(a)(2). On July 15, 2016, Carey filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. As grounds for relief Carey asserts his sentence should be reduced based on the abrogation of the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) by the United States Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015). In addition, Carey seeks credit towards his sentence for his pretrial incarceration,

Carey is not eligible for a reduction of his sentence based on the holding in Johnson because Carey was not sentenced pursuant to the ACCA (under the residual clause or otherwise). He was sentenced pursuant to 18 U.S.C. § 924(a)(2).

As a result, this ground for relief will be denied.

Casey also moves to receive credit toward his sentence for the time he was incarcerated awaiting the disposition of this case. The Bureau of Prisons, not the district court, determines the credit for time served. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). Administrative procedures exist within the Bureau of Prisons to review claims of failure to credit time served. Id. After properly exhausting these administrative remedies regarding his jail-time credits, an inmate may seek judicial review of the Bureau of Prison's decision by filing a habeas corpus petition under 28 U.S.C. § 2241. Id. Before seeking relief in this Court for incarceration credit, Carey must first exhaust his remedies with the Bureau of Prisons. As a result, this ground for relief will be denied.

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To grant such certificate, the judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). Because Carey has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Reginald Carey's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [1] is **DENIED**.

**IT IS FURTHER ORDERED that** Petitioner's motion for an extension of time to file a reply [15] is **DENIED** as moot.

**IT IS FURTHER ORDERED that** this court will not issue a certificate of appealability, as Carey has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2017.